**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 108930

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALLISON REUTLINGER,<br><br>Plaintiff,<br><br>vs.<br><br>ARS NATIONAL SERVICES, INC., and NORTHLAND GROUP, INC.<br><br>Defendant. | Docket No: **'15CV1020 CAB KSC**<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

ALLISON REUTLINGER (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against ARS NATIONAL SERVICES, INC. (hereinafter referred to as "ARS") and NORTHLAND GROUP, INC. (hereinafter referred to as "NORTHLAND")(collectively referred to as "Defendants") as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA") and The Rosenthal Fair Debt Collection Practices Act ("The Rosenthal Act") California Civil Code §1788 et. seq..

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

1

3. This Court has personal jurisdiction over ARS because ARS maintains its principal place of business in California.

4. Venue is proper under 28 U.S.C. §1391(b) because Defendants resides in this Judicial District and/or because a substantial part of the events or omissions giving rise to this claim occurred in this Judicial District.

5. At all relevant times, NORTHLAND conducted business within the State of California.

## PARTIES

6. Plaintiff is an individual who is a citizen of the State of New York.

7. Plaintiff, a "consumer" as defined by 15 U.S.C. § 1692a(3), is allegedly obligated to pay a debt.

8. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Plaintiff's alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

11. Sometime after the incurrence of the debt, but before the initiation of this action, Plaintiff is alleged to have fallen behind on payments allegedly owed on the alleged debt.

12. At a time known only to Defendants, Plaintiff's alleged debt was assigned or otherwise transferred to Defendants for collection.

13. In their efforts to collect the alleged debt, Defendants contacted Plaintiff by letters dated October 18, 2014, December 30, 2014, January 20, 2015, again on January 20, 2015, January 23, 2015, March 4, 2015, April 14, 2015, and April 16, 2015. ("Exhibit 1.")

14. Defendants' letters to Plaintiff are "communications" as defined by 15 U.S.C. § 1692a(2).

15. As set forth in the following Counts, Defendants' letters violated the FDCPA and The Rosenthal Act.

**FIRST COUNT**
**Violation of 15 U.S.C. § 1692g**
**Validation of Debts**
**The October 18, 2014 Letter**
**As to ARS**

16. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

17. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

18. One such requirement is that the debt collector provide "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

19. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such clearly.

20. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to state such explicitly.

21. Merely naming the creditor without specifically identifying the entity as the current creditor to whom the debt is owed is not sufficient to comply with 15 U.S.C. § 1692g(a)(2).

22. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

23. When determining whether the name of the creditor to whom the debt is owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

24. ARS's letter fails to explicitly identify the name of the creditor to whom the debt is owed.

25. Here, ARS's letter fails to name any "creditor" whatsoever.

26. ARS's letter states, "Re: Citibank, N.A./CITI MASTERCARD."

27. The first line of the letter reads, "ARS is authorized to settle the above-referenced

3

account . . ."

28. The legal relationship, if any, between "ARS," "Citibank, N.A." and "CITI MASTERCARD" is not explained.

29. There is no indication as to who "ARS is," whether they are the current creditor, whether they were hired by a creditor to whom the debt is owed to attempt to collect the debt, or any other information.

30. The least sophisticated consumer would likely be confused as to whether the creditor to whom the debt is owed is "ARS," "Citibank, N.A.," or "CITI MASTERCARD."

31. The least sophisticated consumer would likely be uncertain as to whether the creditor to whom the debt is owed is "ARS," "Citibank, N.A.," or "CITI MASTERCARD."

32. The least sophisticated consumer would likely be confused as to who "ARS" is in relation to the debt.

33. The least sophisticated consumer would likely be uncertain as to who "ARS" is in relation to the debt.

34. ARS failed to explicitly state the name of the creditor to whom the debt is owed.

35. ARS failed to clearly state the name of the creditor to whom the debt is owed.

36. The least sophisticated consumer would likely be confused as to the name of the creditor to whom the debt is owed.

37. The least sophisticated consumer would likely be uncertain as to the name of the creditor to whom the debt is owed.

38. ARS has violated § 1692g as it failed to clearly and explicitly convey the name of the creditor to whom the debt is owed.

**SECOND COUNT**
**Violation of 15 U.S.C. § 1692e**
**False or Misleading Representations as to the Name of the**
**Creditor to Whom the Debt is Owed**
**The October 18, 2014 Letter**
**As to ARS**

39. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

40. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

41. While § 1692e specifically prohibits certain practices, the list is non-exhaustive,

4

and does not preclude a claim of falsity or deception based on any non-enumerated practice.

42. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

43. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

44. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

45. Because the collection letter in the instant case is reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of 15 U.S.C. § 1692e.

46. The least sophisticated consumer would likely be deceived by ARS's conduct.

47. The least sophisticated consumer would likely be deceived in a material way by ARS's conduct.

48. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

### THIRD COUNT
### Violation of 15 U.S.C. § 1692g
### Validation of Debts
### The October 18, 2014 Letter
### As to ARS

49. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

50. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

51. The written notice must contain the amount of the debt.

52. The written notice must contain the name of the creditor to whom the debt is owed.

53. The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

54. The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed,

the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

55. The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

56. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

57. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

58. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

59. A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

60. Here, the first line of the letter reads, "ARS is authorized to settle the above-referenced account . . ."

61. The legal relationship, if any, between "ARS," "Citibank, N.A." and "CITI MASTERCARD" is not explained.

62. There is no indication as to who "ARS is," whether they are the current creditor, whether they were hired by a creditor to whom the debt is owed to attempt to collect the debt, or any other information.

63. ARS's conduct would likely make the least sophisticated consumer uncertain as to her rights.

64. ARS's conduct would likely make the least sophisticated consumer confused as to her rights.

65. ARS has violated § 1692g as the above-referenced language overshadows the information required to be provided by that Section.

**FOURTH COUNT**
**Violation of 15 U.S.C. § 1692g**
**Validation of Debts**

## The October 18, 2014 Letter
## As to ARS

66. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

67. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

68. The written notice must contain the amount of the debt.

69. The written notice must contain the name of the creditor to whom the debt is owed.

70. The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

71. The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

72. The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

73. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

74. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

75. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

76. A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

77. Demanding immediate payment without explaining that such demand does not override the consumer's right to dispute the debt or demand validation of the debt is a violation of

7

the FDCPA.

78. Demanding immediate payment without providing transitional language explaining that such demand does not override the consumer's right to dispute the debt or demand validation of the debt is a violation of the FDCPA.

79. ARS has demanded Plaintiff make payment during the validation period.

80. ARS 's letter provides that Plaintiff's payment must be received by November 22, 2014.

81. ARS 's letter provides that ARS reserves the right to treat any missed or late payment as a cancellation of the agreement.

82. ARS's letter is dated October 18, 2014, a Saturday.

83. Applying a standard five (5) days for mailing, and counting Sunday as a mailing day, assuming ARS's letter was mailed on the day it is dated, a consumer would have received ARS's letter no sooner than October 23, 2014.

84. A consumer's thirty (30) day validation period runs from the consumer's receipt of the letter.

85. As such, the consumer's validation period would run until November 22, 2014.

86. ARS's letter states that payment must be received by ARS by November 22, 2014, also a Saturday.

87. Again, applying a standard five (5) days for mailing, and counting Sunday as a mailing day, a consumer would have to send its payment to ARS no later than November 17, 2015, to comply with ARS's demand.

88. Under ARS's best-case scenario, ARS's letter and the demand contained therein give the consumer, at most, twenty-five (25) days to make payment.

89. As such, ARS has demanded Plaintiff make payment during the validation period without explaining that such demand does not override the Plaintiff's right to dispute the debt.

90. ARS has demanded Plaintiff make payment during the validation period without explaining that such demand does not override the Plaintiff's right to demand validation of the debt.

91. ARS's demand for payment would likely make the least sophisticated consumer uncertain as to her rights.

92. ARS's demand for payment would likely make the least sophisticated consumer

8

confused as to her rights.

93. ARS has violated § 1692g as Defendant overshadowed the information required to be provided by that Section.

**FIFTH COUNT**
**Violation of 15 U.S.C. § 1692e**
**False or Misleading Representations**
**The October 18, 2014 Letter**
**As to ARS**

94. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

95. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

96. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

97. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

98. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

99. Because the collection letter in the instant case was reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of the FDCPA.

100. The least sophisticated consumer would likely be deceived by ARS's conduct of demanding payment during the validation period.

101. The least sophisticated consumer would likely be deceived in a material way by ARS's conduct of demanding payment during the validation period.

102. The least sophisticated consumer would likely be deceived into believing that payment must be made during the validation period.

103. ARS has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

**SIXTH COUNT**
**Violation of 15 U.S.C. § 1692e**
**False or Misleading Representations**
**The Two Letters of January 20, 2015**
**As to ARS**

104. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

105. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

106. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

107. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

108. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

109. ARS sent Plaintiff two (2) letters on January 20, 2015.

110. ARS sent Plaintiff two (2) letters on January 20, 2015, concerning the same account.

111. The two letters set forth vastly different balances allegedly due.

112. The two letters set forth vastly different balances, more than $22,000.00 apart.

113. The two letters set forth vastly different settlement proposals.

114. The two letters set forth vastly different settlement proposals, more than $1,500.00 apart, per installment.

115. One of the letters, if not both, is patently false as to the balance alleged owed.

116. The least sophisticated consumer would likely be confused by ARS's conduct.

117. The least sophisticated consumer would likely be deceived by ARS's conduct.

118. The least sophisticated consumer would likely be deceived in a material way by ARS's conduct.

119. ARS has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

**SEVENTH COUNT**
**Violation of 15 U.S.C. § 1692e**
**False or Misleading Representations**
**The April 14, 2015 and April 16, 2015 Letters**
**As to ARS and NORTHLAND**

120. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

121. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or

misleading representation or means in connection with the collection of any debt.

122. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

123. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

124. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

125. ARS sent Plaintiff a letter on April 14, 2015, asking Plaintiff to send payment to ARS.

126. NORTHLAND sent Plaintiff a letter on April 16, 2015, asking Plaintiff to send payment to NORTHLAND.

127. Both letters reference the same "creditor."

128. Both letters reference the same "account number."

129. Both letters reference the same "balance."

130. The least sophisticated consumer would likely be confused by Defendants' conduct.

131. The least sophisticated consumer would likely be deceived by Defendants' conduct.

132. The least sophisticated consumer would likely be deceived in a material way by Defendants' conduct.

133. The least sophisticated consumer would likely be confused as to whom the consumer should pay.

134. The least sophisticated consumer would likely be confused as to which of the Defendants to answer to.

135. The least sophisticated consumer would likely be confused as to her rights to demand validation of the debt based on the conflicting letters.

136. Defendants have violated § 1692e by using false, deceptive and misleading representations in their attempts to collect a debt.

**EIGHTH COUNT**
**Violation of the Rosenthal Fair Debt Collection Practices Act**
**California Civil Code §§ 1788-1788.32**
**As to ARS and NORTHLAND**

137. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

138. California Civil Code § 1788.17 provides that every debt collector collecting or attempting to collect a consumer debt shall comply with Sections 1692b through 1692j of the FDCPA.

139. Defendants' conduct, as described herein, violates the aforesaid sections of the FDCPA.

140. Because Defendants' conduct, as described herein, violates the FDCPA, it also violates California Civil Code § 1788.17.

141. Defendants' conduct, as described herein, violates multiple provisions of The Rosenthal Act.

142. California Civil Code § 1788.17 provides that every debt collector collecting or attempting to collect a consumer debt shall be subject to the remedies in Section 1692K of the FDCPA.

143. California Civil Code § 1788.30 also provides for actual and statutory damages, as well as the award of reasonable attorney's fees.

144. California Civil Code § 1788.32 provides that the remedies provided in § 1788.30 are intended to be cumulative and are in addition to any other procedures, rights, or remedies under any other provision of law.

145. Defendants are liable to Plaintiff pursuant to California Civil Code § 1788.30.

## JURY DEMAND

146. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a. Statutory damages against Defendants pursuant to 15 U.S.C. § 1692k of $1,000.00; and

    b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    c. Damages against Defendants pursuant to The Rosenthal Act §1788.30; and

    d. Plaintiff's actual damages; and

    e. Plaintiff's costs; all together with

f.   Such other relief that the Court determines is just and proper.

DATED: May 6, 2015

**BARSHAY SANDERS PLLC**

By: _/s/ Craig B. Sanders_____
Craig B. Sanders, Esq. [Cal. Bar. No. 284397]
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 108930